UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN CAMERON URBAN,

    Plaintiff,

v.

GM TRUCK GROUP,

    Defendant.

Case No. 25-13096
Honorable Laurie J. Michelson

---

### ORDER DISMISSING PLAINTIFF'S COMPLAINT [1]

On September 30, 2025, Justin Cameron Urban sued his former employer GM Truck Group for alleged employment discrimination. (ECF No. 1.) Along with his complaint, Urban filed an application to proceed without prepaying fees or costs. (ECF No. 2.) But there were several deficiencies in Urban's filings—which the Court instructed Urban to rectify by November 5, 2025. (ECF No. 5.)

First, Urban's application to proceed *in forma pauperis* was incomplete. As the Court explained, "[t]he bottom of the first page is cut off, and the second page of the two-page form is missing. The Court is unable to assess Urban's eligibility for *in forma pauperis* status without a complete application." (ECF No. 5, PageID.14.) The Court thus denied Urban's application without prejudice, directed him to "either (1) pay the $405.00 civil filing fee in full or (2) file a renewed application to proceed without prepayment" by November 5, 2025, and warned that "[f]ailure to either pay the fee or submit a renewed, complete application by November 5 may result in dismissal of Urban's complaint." (*Id.*)

Second, Urban's complaint did not allow the Court to "reasonably infer that Urban has exhausted his administrative remedies as required under the ADA and Title VII." (*Id.* at PageID.16.) As the Court explained, "before a plaintiff can file an employment discrimination lawsuit under Title VII or the ADA, he must first exhaust his administrative remedies as required under these statutes. . . . Administrative exhaustion thus entails two steps: (1) the timely filing of a charge of discrimination and (2) the receipt of a notice of the right to sue." (*Id.* at PageID.15 (citing 42 U.S.C. §§ 2000e-5(e)(1), 2000e-5(f)(1), 12117(a); *Granderson v. Univ. of Mich.*, 211 F. App'x 398, 400 (6th Cir. 2006)).) Because Urban "d[id] not say that he received a notice of his right to sue from [the EEOC or relevant state agency] or attach a such a notice to his complaint" (*id.*), the Court directed Urban to show cause in writing, also by November 5, 2025, "why this case should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust his ADA and Title VII administrative remedies" and warned that "[a] failure to file a show-cause response by November 5, or an inadequate show-cause response, may result in dismissal of this case" (*id.* at PageID.18; *see id.* (instructing that Urban's "show cause response must include a copy of the right-to-sue letter he received from the EEOC or relevant state agency")); *see also Blount v. Fleming's Prime Steakhouse & Wine Bar*, No. 24-6137, 2025 U.S. App. LEXIS 20888, at *3 (6th Cir. Aug. 15, 2025) (recognizing that, although exhaustion requirement is a non-jurisdictional claim-processing rule that typically the defendant must raise as an affirmative defense, the court could raise it *sua sponte* on initial

screening under § 1915(e)(2) where it gave plaintiff notice and an opportunity to respond).

Urban's deadline has passed without any response. Thus, he has not fixed the deficiencies identified by the Court and has failed to comply with the filing requirements in 28 U.S.C. § 1915(a)(1). He has also failed to comply with the Court's order on two fronts—by neither (1) explaining "why this case should not be dismissed under 28 U.S.C. § 1915(e)(2)(B) for failure to exhaust his ADA and Title VII administrative remedies" nor (2) "pay[ing] the [filing] fee or submit[ting] a renewed, complete application." (ECF No. 5, PageID.18.)

The Court thus DISMISSES WITHOUT PREJUDICE Urban's case. *See Rogers v. City of Warren*, 302 F. App'x 371, 375 (6th Cir. 2008) (describing district courts' "sources of authority to dismiss a case for failure to prosecute": Federal Rule of Civil Procedure 16(f), "which permits dismissal under Fed. R. Civ. P. 37(b)(2)(A)(v) when a party or its attorney fails to appear at a scheduling or other pretrial conference"; Rule 41(b), "which permits the court to involuntarily dismiss an action if a plaintiff fails to prosecute his case or to comply with a court order"; and "the court's inherent power to 'protect the due and orderly administration of justice, and maintain the authority and dignity of the court'" (citation modified)); *see also Jones v. Windsor Mold Grp.*, No. 24-11676, 2024 WL 3761261, at *1 (E.D. Mich. Aug. 12, 2024) (dismissing *pro se* plaintiff's employment discrimination claims under 42 U.S.C. § 1915(e)(2)(B) for failure to comply with show cause order and failure to exhaust administrative remedies); *Rozagiriza v. Pepsi Co. Beverage*, No. 25-04030, ECF No. 9 (D.S.D. Oct. 28,

2025) (dismissing *pro se* plaintiff's employment discrimination claims after plaintiff filed to file amended complaint with attached right-to-sue letter); *Blount*, 2025 U.S. App. LEXIS 20888, at *1–2 (affirming screening dismissal of *pro se* plaintiff's Title VII and ADA claims for failure to exhaust administrative remedies where plaintiff failed to comply with district court's order to produce copy of right-to-sue letter).

SO ORDERED.

Dated: November 6, 2025

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            UNITED STATES DISTRICT JUDGE